IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAVON MCPHAUL<br>　　　Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br>　　　Respondent. | *<br><br>*<br><br>*<br>　　　***** | <br><br>CIVIL ACTION NO. MJG-15-472<br>CRIMINAL NO. MJG-12-0616 |

## MEMORANDUM OPINION

Tavon McPhaul ("McPhaul") entered a guilty plea on counts of a Hobbs Act Robbery and possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 1951(a) & 924(c).  Criminal judgment was entered on January 13, 2014.  On February 26, 2014, counsel filed an appeal on behalf of McPhaul.  On November 21, 2014, the United States Court of Appeals for the Fourth Circuit issued an Order which noted that the appeal was filed outside the fourteen-day appeal period of Fed. Rule App. P. 4(b) (1) (A), but within the excusable neglect period set out under Fed. Rule App. P. 4(b) (4) and remanded the case to this Court to determine whether McPhaul had shown excusable neglect or good cause warranting an extension of the fourteen-day appeal period.  See United States v. McPhaul, 585 Fed. Appx. 211 (4th Cir. 2014).  The Fourth Circuit directed that the appeal record, as supplemented by this Court, would be returned to the Circuit Court for further consideration as to the timeliness of the appeal.

On February 18, 2015, the Court received for filing McPhaul's self-represented 28 U.S.C. § 2255 Motion to Vacate, dated February 12, 2015, which raises ineffective assistance grounds.  See United States v. McPhaul, Criminal No. MJG-12-0616 (D. Md.) at ECF No. 100; see also McPhaul v. United States, Civil Action No. MJG-15-472 (D. Md.).  Absent extraordinary

circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case or direct appeal is pending.  See McIver v. United States, 307 F.3d 1327, 1331 n. 2 (11th Cir.2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because direct review relief may render moot the issues also raised on collateral review); Walker v. Connor, 72 Fed. Appx. 3 (4th Cir.2003) (recognizing that § 2255 motion is premature when direct appeal is pending); see also Rendelman v. United States, 2008 WL 2945559 (D. Md. July 28, 2008) (quoting Bowen v. Johnson, 306 U.S. 19 (1939)), appeal dismissed by 308 Fed. Appx. 685 (4th Cir. Jan. 22, 2009); Rules Governing Section 2255 Proceedings, Rule 5 (advisory committee note stating that courts have held that motions to vacate are "inappropriate if the movant is simultaneously appealing the decision.").  Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes consideration of a § 2255 motion absent extraordinary circumstances.  See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).

McPhaul's § 2255 Motion is premature.  His criminal judgment is currently on appeal and he has not alleged any extraordinary circumstances warranting review of the Motion.  The Motion to Vacate shall be dismissed without prejudice.[1]

When a District Court dismisses a Motion to Vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[1] McPhaul is free to re-file his 28 U.S.C. § 2255 Motion upon completion of the appeal process.  He is forewarned, however, that a one-year statute of limitation applies to a motion filed under § 2255.  The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been made discoverable through the exercise of due diligence.  See 28 U.S.C. § 2255(f) (1)–(4).  The Clerk shall send McPhaul a § 2255 form packet should he choose to re-file his Motion in the future.

constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  McPhaul has not made the required showing and the Court declines to issue a Certificate of Appealability.  His Motion to Vacate will be dismissed without prejudice.  A separate Order follows.


Date:   February 20, 2015                        /s/
                                                   Marvin J. Garbis
                                                   United States District Judge