IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-12-0616 |
| TAVON MCPHAUL, | * | CIVIL NO. JKB-15-3487 |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

The Defendant Tavon McPhaul filed a Motion to Vacate Judgment under 28 U.S.C. § 2255. (Mot. Vacate, ECF No. 120.) Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Government is not required to respond and no hearing is required. 28 U.S.C. § 2255(b); *see* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

McPhaul pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and one count of possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). (Judgment at 1, ECF No. 75.) The underlying crime of violence at issue was the Hobbs Act robbery.

McPhaul argues in his motion to vacate that a Hobbs Act robbery no longer qualifies as a crime of violence under 18 U.S.C. § 924(c). (Mot. Vacate at 1.) Section 924(c) provides two definitions for what constitutes a crime of violence. The "force" clause states that a crime of violence is a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The "residual" clause states that a crime of violence can also be a felony "that by its nature, involves a substantial risk

1

that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause was "unconstitutionally vague." However, the Fourth Circuit has since held that a Hobbs Act robbery still constitutes a crime of violence pursuant to the force clause, § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *cert. denied sub nom. Stokes v. United States*, 140 S. Ct. 640 (2019). Therefore, because McPhaul's conviction is based on a Hobbs Act robbery as the requisite "crime of violence," his conviction and sentence remain valid and his motion to vacate is DENIED.

The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because McPhaul has not made such a showing for the reasons explained above, the Court will not issue a certificate of appealability.

DATED this 21st day of June, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge